**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

_____

WILLIAM W. CAMERON,                         Cause No.  CV-08-042-H-DWM-RKS

       Plaintiff,                         **ORDER TO SERVE COMPLAINT BY**
**REQUESTING WAIVER OF SERVICE**
   vs.                                 **OF SUMMONS AND FINDINGS AND**
**RECOMMENDATION OF UNITED**
DOCTOR ELIZABETH RANTZ, M.D., et. al.      **STATES MAGISTRATE JUDGE**

     Defendants.                        **(Defendants please see D.Mont. L.R. 12.2)**
_____

    This matter comes before the Court on Plaintiff's Amended Complaint (Document 7),

Motion for Temporary Retraining Order and Preliminary Injunction (Document 8) and Motion

for Appointment of Counsel. (Document 9).

**I.  STATEMENT OF THE CASE**

    **A.**     **Jurisdiction**

Plaintiff filed his Complaint and Amended Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged constitutional violations while incarcerated at the Montana State Prison.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.      Parties

Plaintiff is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

In his original Complaint Plaintiff named the following individuals as Defendants:  Dr. Elizabeth Rantz, Dr. Ramakrishna, Dr. Evans, Dr. Kohutt, Dr. Schaffer, Dr. Maxwell, Warden Mike Mahoney, Mike Ferriter, Bill Slaughter, Myron Beeson, Cathy Redfern, all medical staff and nurses employed at Montana State Prison, and Jane and John Doe Defendants to wit:  Nurses Cathy and Roseann.

In his Amended Complaint, Plaintiff named each of these same individuals except Dr. Maxwell.  Accordingly, the Court will recommend the dismissal of Dr. Maxwell.  In addition, Plaintiff named two new defendants in his Amended Complaint:  Diane Mann and Nurse Gloria. The Court will direct the Clerk of Court to add Diane Mann and Nurse Gloria as Defendants on the docket for this matter.

### C.  Procedural History

Plaintiff filed his Motion to Proceed In Forma Pauperis on June 24, 2008 in the Butte Division of this Court.  The case was originally assigned case number CV-08-040-BU-SEH-RKS.  By separate Order, the Court transferred this matter to the Helena Division as the alleged

wrongs were said to have occurred at Montana State Prison which is in the Helena Division of this Court. The case has now been assigned the case number of CV-08-042-H-DWM-RKS.

On July 9, 2008, the Court issued an Order granting Plaintiff's Motion for Leave to Proceed in forma pauperis and permitting Plaintiff to file an Amended Complaint. Plaintiff filed his Amended Complaint on July 31, 2008. (Document 7). Plaintiff filed his Motion for Temporary Restraining Order and Motion for Preliminary Injunction on August 20, 2008. (Document 8). Plaintiff filed his Motion for Appointment of Counsel on September 9, 2008. (Document 9).

The Court will now address Plaintiff's Motion for Temporary Restraining Order, Motion for Preliminary Injunction, Motion for Appointment of Counsel and complete the prescreening of Plaintiff's Amended Complaint.

## II.  MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff seeks both a temporary restraining order and a preliminary injunction against Defendants with regard to the current medical care is he is receiving at the Montana State Prison. Plaintiff is asking the Court to require Defendants to provide Plaintiff access to a heart, lung, kidney, and pain specialist who would give a "true medical diagnosis of Plaintiff Cameron's life-threatening medical condition." (Document 8-2, p. 2). In his proposed order he seeks "a medically appropriate course of hospitalization including kidney testing, heart testing/test; lung testing; orthopedic testing; [and] pain evaluation testing." (Document 8-4, p. 3). He asks for an order requiring Defendants Mahoney and Ferriter to "arrange for the Plaintiff Cameron to be

examined by a qualified heart/lung kidney specialist, and to obtain from that specialist an

evaluation of Plaintiff Cameron's present condition of his lungs, heart, kidneys, and a

prescription for a course of orthopedic testing/therapy that will prolong Plaintiff Cameron's

health/life."  (Document 8-4, pp. 3-4).

Initially the Court notes that Plaintiff's request for a preliminary injunction should be

denied for failure to satisfy the notice requirements of Federal Rule of Civil Procedure 65.  Prior

to granting a preliminary injunction, notice to the adverse party is required.  Fed.R.Civ.P.

65(a)(1).  A motion for preliminary injunction therefore cannot be decided until the parties to the

action are served, and they have not  been served here. See Zepeda v. INS, 753 F.2d 719, 727 (9th

Cir. 1983).

A temporary restraining order may be granted without written or oral notice to the

adverse party or that party's attorney if:  (1) it clearly appears from specific facts shown by

affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will

result to the applicant before the adverse party or the party's attorney can be heard in opposition,

and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in

writing the efforts, if any, which have been made to give notice and the reasons supporting the

claim that notice should not be required. Fed.R.Civ.P. 65(b).  Plaintiff has not satisfied either

requirement.

Moreover, the Prison Litigation Reform Act ("PLRA") states that

In any civil action with respect to prison conditions, to the extent otherwise
authorized by law, the court may enter a temporary restraining order or an order
for preliminary injunctive relief.  Preliminary injunctive relief must be narrowly

drawn, extend no further than necessary to correct the harm the court finds
requires preliminary relief, and be the least intrusive means necessary to correct
that harm. The court shall give substantial weight to any adverse impact on public
safety or the operation of a criminal justice system caused by the preliminary
relief . . .

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit
are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to
the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the
plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California
State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v.
City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).   Alternatively, the moving party may
demonstrate either a combination of probable success on the merits and the possibility of
irreparable injury, or that serious questions going to the merits were raised and the balance of
hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also
Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003).   The Ninth
Circuit stated that these alternatives represent "extremes of a single continuum" rather than two
separate tests and thus, the "greater the relative hardship to (the party seeking the preliminary
injunction), the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813.

Generally, preliminary injunctive relief is designed to preserve the status quo until the
court has an opportunity to hear the lawsuit on its merits. *E. & J. Gallo Winery v. Andina Licores
S.A.*, 446 F.3d 984, 990 (9th Cir. 2006).   If the relief sought is mandatory rather than prohibitory,

the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

The Court is not inclined to interfere with the day to day operations of the prison facilities in Montana unless or until there has been a judgment finding that a violation of the United States Constitution is being perpetrated by the Department of Corrections.  State prison officials are given deference in day-to-day prison operations due to separation of powers and federalism concerns. *Turner v. Safley,* 482 U.S. 78, 84-85 (1987).

In addition, Plaintiff presented medical evidence with his initial Complaint which led this Court to the following conclusions regarding Plaintiff's claims:

> As a general matter, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.  The Court has reviewed the extensive number of grievances, inmate medical requests and medical records submitted by Plaintiff in support of his Complaint.  These documents do not evidence deliberate indifference to Plaintiff's medical needs.  To the contrary, there is evidence of nearly immediate response to Plaintiff's concerns.  While there may be instances where Plaintiff did not get the particular treatment requested, that only establishes a difference of opinion between Plaintiff and his treating physicians.
>
> The Court is most struck by the fact that Plaintiff came into the prison with serious medical problems and within three months had a triple coronary artery bypass surgery.  Granted this surgery occurred more than five years ago, it is somewhat indicative of Defendants' treatment of Plaintiff.

While Plaintiff has clarified his claims somewhat in his Amended Complaint (enough so that the Court is going to require Defendants to file an Answer), it remains unconvinced regarding Plaintiff's chances of success on the merits of his claims.  In large part, there appears to be merely a difference of opinion between Plaintiff and the medical staff at the Montana State Prison.  "A difference of opinion between a prisoner-patient and prison medical authorities

regarding treatment does not give rise to a section 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

Plaintiff is seeking mandatory relief before the Defendants in this matter have even been served with his Complaint.  As set forth in the Court's prior Order on this matter, Plaintiff submitted a box full of grievances, medical requests and medical records with his original Complaint.  The majority of those medical records were dated in the late 1990's and pertained to medical care which Plaintiff received prior to his incarceration.  Those records indicated a history of renal failure, bipolar depressive disorder, coronary heart disease, C.O.P.D.[1] characterized by asthma and chronic bronchitis, a history of multiple drug overdoes and suicidal gestures, and hypertension.  Plaintiff also submitted some medical records relating to an incident where he shot himself in the stomach in 1998.  Given that Plaintiff has been suffering many of the aliments at issue herein for the past twenty (20) years, the Court does not find that emergency intervention is appropriate.  Plaintiff's requests for preliminary and temporary injunctive relief should be denied.

## III. PRESCREENING

As set forth in the Court's prior Order, since Plaintiff is a prisoner proceeding in forma pauperis, his Complaint and Amended Complaint are subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  The Court set forth in detail Plaintiff's allegations and the standard required to state a claim under the Eighth

---

[1]Presumably referring to chronic obstructive pulmonary disease.

Amendment of the United States Constitution in its Order of July 9, 2008.  (Document 5).  The

Court has considered whether Plaintiff's Amended Complaint is frivolous, malicious, fails to

state a claim, or seeks solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§

1915(e)(2), 1915A(b).  It has also considered whether Plaintiff has a reasonable opportunity to

prevail on the merits.  *See* 42 U.S.C. § 1997e(g).  The Court concludes that dismissal is not

appropriate at this time.  Defendants must make an appearance on Plaintiff's claims.

## IV.  MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983.

*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d

952, 962 (9th Cir. 1998).  However, the court may appoint counsel to represent an indigent

litigant under  28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) under "exceptional

circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the
> likelihood of success on the merits and the ability of the petitioner to articulate his
> claims pro se in light of the complexity of the legal issues involved.'  Neither of
> these factors is dispositive and both must be viewed together before reaching a
> decision.

*Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§

1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens

action).

Plaintiff contends that he is unable to afford counsel, the issues in this matter are

complex, that he has a serious chronic condition, he is terminally ill and his access to the law

library and the Lexus Legal Assistance Computer has been limited.  He argues that the case

involves medical issues which may require expert testimony, that he has demanded a jury trial and the case will require the discovery of documents and the depositions of a number of witnesses.

This case has not yet, but will be, served upon the Defendants. After the Defendants respond to Plaintiff's Amended Complaint, the Court will issue a scheduling order directing the further progression of this matter. Plaintiff has shown his ability to articulate his claims pro se. At this point in this litigation, Plaintiff's motion is denied.

Based on the foregoing, the Court issues the following:

### ORDER

1. Plaintiff's Motion for Appointment of Counsel (Document 9) is **DENIED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to add Defendants Diane Mann and Nurse Gloria to the docket in this matter.

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility

ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE – CV-08-042-H-DWM-RKS / PAGE 9

under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

  4. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    *  Plaintiff's Complaint (Document 2);

    *  this Court's Order of July 9, 2008 (Document 5);

    *  Plaintiff's Amended Complaint (Document 7);

    *  this Order and Findings and Recommendation,

    *  a Notice of Lawsuit & Request to Waive Service of Summons; and

    *  a Waiver of Service of Summons

  Should counsel determine that they do not represent Defendants in this matter, they should notify the Court's Pro Se Department as soon as possible.

  Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

  5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7,

10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

     6.  Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

     7.  Plaintiff shall not make any motion for default until at least seventy (70) days after the date of this Order.

     8.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further the Court issues the following:

**RECOMMENDATION**

1. Defendant Maxwell, having not being named in Plaintiff's Amended Complaint, should be **DISMISSED.**

2. Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Document 8) should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 25th day of September, 2008.


/s/ Keith Strong_____
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:     Legal Counsel for the
        Montana Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

A lawsuit has been commenced by an incarcerated pro se plaintiff against the following individuals who you may represent: Dr. Elizabeth Rantz, Dr. Ramakrishna, Dr. Evans, Dr. Kohutt, Dr. Schaffer, Warden Mike Mahoney, Mike Ferriter, Bill Slaughter, Myron Beeson, Cathy Redfern, Diane Mann, all medical staff and nurses employed at Montana State Prison, and Jane and John Doe Defendants to wit:  Nurses Cathy, Roseann and Gloria.  Copies of the Complaint and Amended Complaint are attached to this notice.  They have been filed in the United States District Court for the District of Montana, Civil Action No. CV-08-042-H-DWM-RKS.  The Court has completed its pre-screening and concludes that Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except that you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

  The following Defendants acknowledge receipt of your request that they waive service of summons in the following action: <u>Cameron v. Rantz, et. al.</u>, Civil Action No. CV-08-042-H-DWM-RKS filed in the United States District Court for the District of Montana. Defendants have also received copies of the Complaint and Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by <u>Fed. R. Civ. P. 4</u>:

_____; _____;

_____; _____;

_____; _____;

  The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand that judgments may be entered against the above-named defendants if an answer or motion under <u>Fed. R. Civ. P. 12</u> is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

  I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____
ADDRESS