IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM W. CAMERON, | ) | CV 08-42-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DOCTOR ELIZABETH RANTZ, M.D., et al., | ) | |
| Defendants. | ) | |

Plaintiff Cameron, a state prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging constitutional violations relating to the medical treatment he has received while incarcerated at the Montana State Prison. Cameron filed a motion for a temporary restraining order and a motion for a preliminary injunction, seeking an order of this Court requiring prison officials to provide a range of specific medical testing by "a qualified heart/lung kidney specialist[.]" Doc. No. 8-4 at 3.

Judge Strong conducted preliminary screening of the Amended Complaint and has ordered the Defendants to file an answer. Judge Strong issued Findings and Recommendations in which he

-1-

concludes that the motion for injunctive relief should be denied. He explained that the motion for a preliminary junction fails because the Plaintiff did not comply with the notice requirement of Fed. R. Civ. P. 65(a)(1). The Plaintiff is not entitled to a temporary restraining order, Judge Strong determined, because the Plaintiff has not shown that he will suffer irreparable injury if the motion is denied.

The Magistrate also explained that because the relief sought is mandatory rather than prohibitory, the balance of interests must clearly favor the moving party. He noted that in this context, where the determinations of prison officials as to how best to conduct the day-to-day management of the institution are accorded due deference, the balance of interests does not so favor the Plaintiff. Finally, Judge Strong observed that the Plaintiff's claim appears unlikely to succeed on the merits because it is based on a difference of opinion between the Plaintiff and prison medical staff.

Judge Strong also recommends dismissal of the claims against Defendant Maxwell, because Defendant Maxwell was not named in the Amended Complaint.

Plaintiff Cameron timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections Plaintiff claims that he is in dire need of medical testing and the he is suffering permanent kidney and heart damage due to a lack of proper treatment. The Plaintiff alleges that he will die soon unless the Court grants injunctive

relief. These claims are not sufficiently supported by factual allegations to constitute a showing of irreparably injury. Plaintiff alleges that he experiences constant kidney pain, he has difficulty urinating, and he has gained a significant amount of weight in prison. He also concedes that he received a doctor-administered blood test the results of which indicated that his kidneys "were working." Doc. No. 12 at 6. The Plaintiff will have an opportunity to litigate his claim on the merits and he may succeed. But he has not shown that he is entitled to mandatory injunctive relief at this stage of the proceeding.

Upon de novo review, and having considered Plaintiff Cameron's objections, I adopt Judge Strong's Findings and Recommendations in full.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. No. 8) is DENIED.

2. The claims against Defendant Maxwell are DISMISSED.

DATED this ____ day of December, 2008.

Donald W. Molloy, District Judge
United States District Court