# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

_____

WILLIAM W. CAMERON,

      Plaintiff,

vs.

DOCTOR ELIZABETH RANTZ, M.D., et. al.

      Defendants.

Cause No.  CV-08-042-H-DWM-RKS

ORDER AND FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE

_____

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges a denial of medical care while incarcerated at the Montana State Prison.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  This case was referred to the

undersigned by order of the Hon. Donald W. Molloy on May 20, 2009. (C.D. 46.)

Currently pending are Defendants Rantz, Kohut, Schaefer, Evans, Mahoney, Ferriter, Beeson, and Redfern's ("DOC Defendants") Motion for Summary Judgment (C.D. 41); DOC Defendants' Motion for Sanctions (C.D. 52), Plaintiff's Motion to Dismiss Defendants Maxwell and Mann (C.D. 55), and Plaintiff's Motion for Court Intervention (C.D. 58).

**A.    Plaintiff's Motion to Dismiss Defendants Maxwell and Mann**

Plaintiff requests these two Defendants be dismissed from this case. (C.D. 55.) Defendant Maxwell was previously dismissed from the case by order of the Hon. Donald W. Molloy. (C.D. 24.) Defendant Mann will be recommended for dismissal as well.

Additionally, there appear to be several remaining unserved or unnamed Defendants: Dr. Ramakrishna, Dr. Schoenig, Bill Slaughter, MSP Medical Staff, and John and Jane Does. Mr. Cameron has 120 days after the filing of his complaint to ensure service on a defendant. Fed. R. Civ. P. 4(m). After that time, the Court must, after notice to the Plaintiff, dismiss the action against that defendant without prejudice. Id. Mr. Cameron received notice regarding service of Dr. Ramakrishna and Bill Slaughter. (C.D. 23.) Accordingly, those two Defendants should be dismissed without prejudice.

Defendants MSP Medical Staff and John and Jane Does have not been

formally named.  Mr. Cameron had until May 4, 2009 to further amend his pleading.  (C.D. 23.)  He did not do so.  These Defendants will be recommended for dismissal.

Finally, Defendant Dr. Schoenig has not been served, nor has Mr. Cameron been provided the notice required by Rule 4 of the Federal Rules of Civil Procedure.  As such, Mr. Cameron shall show cause, **on or before August 6, 2009**, why Dr. Schoenig should not be dismissed from this lawsuit.

**B.     DOC Defendants' Motion for Sanctions**

On June 9, 2009, DOC Defendants filed a Motion for Rule 11(b) Sanctions against Plaintiff.  The basis for the Motion is that Plaintiff filed irrelevant and inadmissible evidence in response to DOC Defendants' Motion for Summary Judgement, and Plaintiff filed more documents which do no comply with Local Rule 7.1(c)(1).  As a sanction, DOC Defendants suggest "quashing or striking Plaintiff's motion to dismiss and its supporting documents" or "quashing or redacting all of the offending references within specific filings and exhibits."  These requests pertain to the following documents: C.D. 48, 49, 50, 50-2, 50-4, 50-5, 50-6, 50-7, Exhibit B (medical kites), 51, 51-2.

Rule 11(c)(2) requires a motion for sanctions be served, but not filed, if within 21 days the documents is withdrawn or appropriately corrected.  Fed. R. Civ. P. 11(c)(2).  In other words, the party offering the allegedly defective

document must have a chance to correct the alleged violations before a motion for sanctions is filed. It is the stated purpose of the Rule to provided a "safe harbor" for parties against Rule 11 motions and to allow them to avoid sanctions. Fed. R. Civ. P 11, Adv. Comm. Notes, 1993 Amend; Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998). There is no evidence of record that DOC Defendants complied with Rule 11(c)(2) by serving Plaintiff a motion. Further, informal warnings, such as letters, do not satisfy the rule. Id. It would be improper to award sanctions in such a case. Id. Accordingly, the DOC Defendants' Motion for Sanctions will be denied.

**C.     DOC Defendant's Motion for Summary Judgment**

The DOC Defendants move for summary judgment on the basis of qualified immunity. (C.D. 41.) They contend Plaintiff has and continues to receive appropriate medical care, and that they were not deliberately indifferent to his medical needs.

Plaintiff responded with a Declaration Verifying Plaintiff's Amended Complaint (C.D. 47), a Motion to Dismiss Defendants' Motion for Summary Judgment (C.D. 48), a Memorandum of Law (C.D. 49), Genuine Issues of Material Facts for Trial (C.D. 50), and the Declaration of Tommy Dellar (C.D. 51) with attachments. Plaintiff's Motion to Dismiss and Memorandum of law will be treated as a response to DOC Defendants' Motion for Summary Judgment. In his

response, Plaintiff states the DOC Defendants' motion is premature and requests more time for discovery. Plaintiff also attempts to invoke Rule 56(f) of the Federal Rules of Civil Procedure and asks for a continuance.

**1. Summary Judgment Standard**

Under Rule 56(c), Fed.R.Civ.P., summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law."  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250.

The moving party bears the initial burden of showing absence of any genuine issues of material fact. Celotex v. Catrett, 477 U.S. 317 (1986).  If the moving party meets this burden, the non-moving party may not rest upon its pleadings, but must come forward with specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial as to the elements essential to the non-moving party's case. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256.  The mere existence of some factual dispute will not defeat a properly supported motion

for summary judgement; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 248.

## 2. Qualified Immunity and Eighth Amendment Standard

Qualified immunity shields government officials from litigation. Clement v. Gomez, 298 F.3d 898 (9th Cir. 2002). In Saucier v. Katz, 533 U.S. 194, (2001), a two-step sequence was mandated for resolving qualified immunity claims: 1) whether the facts as alleged or shown make out a violation of a constitutional right, and 2) was the right "clearly established" at the time of the alleged misconduct. Pearson v. Callahan, 129 S.Ct. 808, 815-816 (2009). Pearson removed the mandate of Saucier and judges are now "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." Pearson, 129 S.Ct. at 818.

In the present case, it is logical to proceed with the traditional Saucier analysis; that is whether the facts alleged or shown make out a violation of Mr. Cameron's Eighth Amendment right to medical care?

The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). It is a violation of the Eighth Amendment when acts or omissions by a prison official are "sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle,

429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." McGuckin, 974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk

of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).

"This second prong - defendant's response to the need was deliberately indifferent - is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. Even gross negligence is insufficient to establish deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  To show the difference of opinion amounted to deliberate indifference, the prisoner must show the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  Jackson, 90 F.3d at 332.

**3. Analysis**

The affidavit and documents provided by the DOC Defendants establish that Mr. Cameron has serious medical needs, see McGuckin, 974 F.2d at 1059, which the DOC Defendants concede.  Affidavit of Dr. Tristan Kohut ¶3; C.D. 42 pg. 8.  Thus, the first prong of the deliberate indifference standard is met.

Moving to the second prong, the nature of the DOC Defendants' response to Mr. Cameron's serious medical needs, the DOC Defendants have not met their initial burden and summary judgment on the basis of qualified immunity should not be awarded.  The documents provided by the DOC Defendants do show they have seen Mr. Cameron numerous times within the relevant time period, June 23, 2005 through June 23, 2008, both for his chronic illnesses and acute care.  Affidavit of Dr. Tristan Kohut ¶¶ 4-7; C.D. 42, Exhibit B.  The documents also

establish Mr. Cameron was admitted to hospitals outside of Montana State Prison ("MSP"). Id. However, these documents do not establish what was actually done for Mr. Cameron at these visits. The documents provided do not refute Mr. Cameron's statement that nothing was done. The care provided Mr. Cameron is the basis of this case. Without showing what care was Mr. Cameron received on his numerous visits to the MSP Infirmary and other hospitals, summary judgment cannot be awarded to the DOC Defendants because no specific facts have been proffered to refute Mr. Cameron's claims and thus the record reflects genuine issues of material fact.

While it seems unlikely with the amount of medical attention given that the DOC Defendants were deliberately indifferent to Mr. Cameron's many serious health needs, that is not the standard upon which summary judgment may be awarded. See Fed. R. Civ. P. 56. To establish they are entitled to qualified immunity, the DOC Defendants must show that a constitutional right, in this case Mr. Cameron's Eighth Amendment right to medical treatment, was not violated. See Pearson v. Callahan, 129 S.Ct. at 816. They have not done so. There are genuine issues as to what care Mr. Cameron was given, and thus summary judgment on the basis of qualified immunity should be denied on the basis of the existing record.

**D.      Plaintiff's Motion for Court Intervention**

On July 7, 2009, Mr. Cameron filed a Motion for Intervention from the Court (C.D. 58) with a number of declarations in support of his request. Mr. Cameron appears to be raising new claims of discrimination and retaliation because he was denied copies of and not allowed to review his medical records from October 1, 2008 to present. He claims Defendants and their attorneys have set up procedural barriers to deny him meaningful access to the Court.

Mr. Cameron's current Complaint was deemed filed June 23, 2008. 42 U.S.C. § 1997e(a) requires a plaintiff to fully exhaust administrative remedies prior to filing a lawsuit. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). Therefore, the only relevant time period for Plaintiff's claims is June 23, 2005 (three years prior to the filing of the Complaint) until June 23, 2008 (the date Plaintiff's Complaint was signed).

To the extent Mr. Cameron is attempting to amend his Complaint, his Motion for Intervention is denied. If he wishes to address the alleged denial of copies and access to his medical record, he must file another law suit. Further, the time period in the present law suit is limited to June 23, 2005 to June 23, 2008. The Court will not interfere with the day to day operations of the prison, especially when the documents Mr. Cameron seeks (from October 2008 to present) are not relevant to the claims at bar. See Turner v. Safely, 482 U.S. 78, 107 (1987).

Based upon the foregoing, the Court issues the following:

## ORDER

1. DOC Defendant's Motion for Sanctions (C.D. 52) is **DENIED**;

2. Plaintiff shall show cause, **on or before August 6, 2009**, why Dr. Schoenig should not be dismissed from this lawsuit.

3. Plaintiff's Motion for Court Intervention (C.D. 58) is **DENIED**.

## RECOMMENDATIONS

1. Defendants Dr. Ramakrishna, Bill Slaughter, MSP Medical Staff, and John and Jane Does should be **DISMISSED** without prejudice;

2. Plaintiff's Motion to Dismiss Defendants (C.D. 55) should be **GRANTED**;

3. DOC Defendants' Motion for Summary Judgment (C.D. 41) should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 10th day of July, 2009.

>  /s/ Keith Strong
>  Keith Strong
>  United States Magistrate Judge