

FILED
JUL 30 2009
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM W. CAMERON, | ) | CV 08-42-H-DWM |
| Plaintiff, | ) ) ) | |
| vs. | ) | ORDER |
| DOCTOR ELIZABETH RANTZ, M.D., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

    Plaintiff Cameron is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on July 10, 2009. Plaintiff timely objected on July 21, 2009. Therefore, he is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas

Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Cameron's Complaint asserts he was denied medical care while incarcerated at Montana State Prison. Judge Strong recommended granting Plaintiff's motion to dismiss certain defendants, and he recommended dismissing other defendants who have not been served or properly named in the Complaint. Judge Strong also recommended denying Defendants' motion for summary judgment because they have not met their burden to show no genuine issue of fact exists regarding the medical care Cameron received. Finally, Judge Strong recommended denying Cameron's motion for court intervention.

Cameron objects to two portions of the Findings and Recommendation. First, he objects to the recommendation to dismiss Defendants Dr. Ramakrishna, Bill Slaughter, MSP Medical Staff, and John and Jane Does. Judge Strong recommended dismissing Dr. Ramakrishna and Bill Slaughter because Cameron has not served them within 120 days of filing his Complaint, as required by Fed. R. Civ. P. 4(m). Judge Strong recommended dismissing MSP Medical Staff and John and Jane Does because they have not been formally named, and Cameron had only until May 4, 2009 to amend the pleadings. Cameron contends the Defendants have prevented him from obtaining the names and addresses necessary to add or serve these Defendants. The Court previously ordered that Cameron had until

May 29, 2009 to conduct discovery regarding the addresses of Dr. Ramakrishna and Bill Slaughter or show cause why they should not be dismissed for failure to serve. Sched. Ord. at 3 (dkt #36). Cameron has not complied with this Order, and thus dismissal of these Defendants is proper. In addition, Cameron's objections mention Nurse Gloria as a party he wants to add as a defendant. However, pursuant to Cameron's motion, she was dismissed from this matter on February 2, 2009. Ord. at 5 (dkt #28). Cameron also mentions other defendants, such as Mike Ferriter, Dr. Schoening, and Dr. Rantz, in his objections. Pl.'s Obj. at 4. Judge Strong did not recommend dismissal of these Defendants, and they remain part of this action.

Second, Cameron objects to Judge Strong's recommendation to deny his motion for court intervention. I agree with Judge Strong that this motion should be denied. In both his motion and his objections, Cameron is attempting to assert new claims that Defendants have violated his constitutional rights since this suit commenced. As Judge Strong correctly found, Cameron is required to exhaust administrative remedies before bringing a claim regarding a violation of his constitutional rights. 42 U.S.C. § 1997e(a). Tthe allegations raised by Cameron in his motion and objections occurred since the filing of this lawsuit and have not been administratively exhausted. Therefore, the Court may not hear them at this

time. Further, the time for Cameron to amend his Complaint to add additional claims has expired. Cameron may file an additional suit (after exhausting the available administrative procedures) if he wishes to raise additional claims under 42 U.S.C. § 1983.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #59) are adopted in full.

IT IS FURTHER ORDERED that Defendants Dr. Ramakrishna, Bill Slaughter, MSP Medical Staff and John and Jane Does are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Cameron's Motion to Dismiss Defendants (dkt #55) is GRANTED and Defendants Mann is dismissed.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (dkt #41) is DENIED.

Dated this 30th day of July, 2009.

Donald W. Molloy, District Judge
United States District Court