# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION
_____

WILLIAM W. CAMERON,

               Plaintiff,                    CV-08-42-H-DWM-RKS

     vs.

                                  **FINDINGS AND**

DOCTOR ELIZABETH RANTZ,    **RECOMMENDATIONS OF**

M.D., et. al.                     **MAGISTRATE JUDGE**

               Defendants.

_____

## PROCEDURAL HISTORY

Currently pending are Plaintiff, Mr. Cameron's Motion for Temporary

Restraining Order or Preliminary Injunction (C.D. 93) and Defendants second

Motion for Summary Judgment (C.D. 98).  Defendants' Motion is not ripe and is

not the subject of this order.

## JURISDICTION

Mr. Cameron seeks to recover under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while incarcerated at the Montana State Prison.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## DISCUSSION

Mr. Cameron seeks both a temporary restraining order and a preliminary injunction against Defendants.  He alleges they are denying him evidence, preventing his son from sending him evidence, denying him access to his medical records, and limiting his access to medical providers.  He also requests as a remedy an investigation of Defendants and Montana State Prison staff members. (C.D. 93.)

To the extent Mr. Cameron's motion is a motion to compel discovery, it should be denied as moot.  As an initial matter, discovery disputes are not the proper subject of a motion for temporary restraining order or injunction.  Further, the Court previously ordered the parties to participate in a discovery conference to address discovery issues included in the current motion, and in Mr. Cameron's motion to compel (C.D. 102).  See C.D. 105.  For that reason, the current motion, insofar as it is raises discovery issues, should be denied as moot.

FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE –
CV-08-042-H-DWM-RKS  / PAGE 2

The only remaining issue is the alleged denial of access to medical care. Mr. Cameron alleges he is denied access to monthly doctor's appointments and is denied access to a heart specialist.  (C.D. 93, pg. 7, 14-17).   Mr. Cameron has not met the requirements of Federal Rule of Civil Procedure 65(b) for a temporary restraining order.  He also does not meet the criteria for a preliminary injunction. See  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

Additionally, the Court previously ruled on the issue of access to medical care in response to a prior motion for temporary restraining order or preliminary injunction.  (C.D. 8, 11, 24.)  Mr. Cameron raises no new information or issues in his present motion that merit revisiting the Court's prior ruling.  That Order's reasoning is equally applicable to the present motion.  As such, Mr. Cameron's Motion for Temporary Restraining Order or Preliminary Injunction should be denied.

Based on the foregoing, the Court issues the following:

## **RECOMMENDATIONS**

Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction (C.D. 93) should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 4th day of December, 2009.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE –
CV-08-042-H-DWM-RKS  / PAGE 4