FILED

JUN 16 2010

PATRICK E. DUFFY, CLERK
By
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM W. CAMERON, | ) | CV 08-42-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOCTOR ELIZABETH RANTZ, M.D., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Cameron is a state prisoner proceeding pro se. He filed an action

pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong

entered Findings and Recommendation in this matter on April 16, 2010. Plaintiff

timely objected on June 1, 2010.[1] Therefore, he is entitled to de novo review of

those portions of the Findings and Recommendation to which he objected. 28

---

[1] The Court limited Cameron's objections to 30 pages. Cameron blatantly disregarded the Court's Order, filing hundreds of pages, including handwritten objections that were extremely difficult to read. Despite Cameron's failure to follow the Court's Order, the Court has fully reviewed all documents submitted by Cameron.

U.S.C. § 636(b)(1).  The portions of the Findings and Recommendation not

specifically objected to will be reviewed for clear error.  McDonnell Douglas

Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Cameron asserts he was denied medical care at Montana State Prison.

Judge Strong recommended granting Defendants' motion for summary judgment

on the basis of qualified immunity.  A government official is shielded from a claim

by qualified immunity if (1) the facts as alleged or shown make out a violation of a

constitutional right and (2) that right was "clearly established" at the time of the

alleged misconduct.  Saucier v. Katz, 533 U.S. 194, 201-02 (2001).  Cameron

asserts Defendants' violated his Eighth Amendment right to receive adequate

medical care.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Such a claim

requires consideration of "the seriousness of the prisoner's medical need and the

nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d

1050, 1059 (9th Cir. 1992).  A plaintiff must show "deliberate indifference" to his

medical needs.  Id.  Judge Strong found Cameron has serious medical needs, but

that Defendants had consistently provided medical treatment to Cameron and

exhibited no "deliberate indifference" to Cameron's needs.  Therefore, Judge

Strong found Cameron had not stated a claim for a violation of a constitutional

right, and Defendants are entitled to qualified immunity under Saucier.

Cameron objects to Judge Strong's Findings and Recommendations on numerous grounds. He states he was wrongly denied appointed counsel. However, there is no no right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court will appoint counsel only in "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Cameron has not shown that any exceptional circumstances exist here and has shown that he is quite capable of filing pleadings, motions, exhibits, and legal arguments with the Court.

Cameron also argues that Judge Strong has shown bias by repeatedly ruling against him, denying his motions to strike Defendants' filings (discussed below), and permitting Defendants to file untimely documents while restricting what Cameron may file. A court's adverse rulings, without more, are insufficient to show bias. Litecky v. U.S., 510 U.S. 540, 554-56 (1994). Cameron offers nothing more to show the Court has been biased against him. Indeed, the record shows that Judge Strong has issued rulings in Cameron's favor by denying Defendants' first motion for summary judgment on the basis of qualified immunity and entering orders directing Defendants to comply with their discovery obligations to Cameron. See Findings & Rec. (dkt #59); Ord. (dkt #70); Ord. (dkt #105). Throughout his objections, Cameron raises concerns that both Judge Strong and

Judge Molloy are biased against him because Defendants included copies of
Cameron's criminal history in the materials submitted to the Court.  As Judge
Strong noted, this material was not considered in assessing the merits of his
medical care claims and does not support his argument that the Court is biased.

Cameron also argues he received inadequate discovery, that Defendants
have withheld, destroyed, or falsified documents, and that Defendants have
disregarded the Court's orders regarding discovery.  He also objects to Judge
Strong's denial of his motions strike.  Judge Strong addressed all of the arguments
in his Findings and Recommendations, and I agree with his decision.  <u>See</u>
Findings & Rec. at 2-5.  As Judge Strong found, the medical records and
summaries submitted by Defendants are supported by the additional documents
submitted by Cameron, and he has not identified specific documents which
Defendants have withheld.  Further, Cameron offers only unsupported accusations
that Defendants have destroyed or falsified documents, and, as already stated, the
medical records Cameron offered in support of his position are consistent with
those records submitted by Defendants.

Cameron challenges Judge Strong's findings on the substantive issues as to
his medical care.  He asserts that his affidavits show there are genuine issues of
fact that preclude summary judgment, and he argues the Court must accept all his

statements as true because he is the non-moving party.  Cameron misunderstands the standard for summary judgment.  Once Defendants met their burden to show there are no issues that preclude summary judgment, the burden shifted to Cameron to show that there is a genuine issue of fact remaining for trial.  "An adverse party may not rely on mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C v. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997). Judge Strong's Findings and Recommendations show that he carefully reviewed the evidence submitted by both Cameron and the Defendants.  While Cameron may not like the medical care he received, the medical records demonstrate that Defendants have consistently offered him care and medical treatment.  He offers no evidence to undermine Judge Strong's findings, but merely repeats his unsupported allegations that Defendants have withheld and denied him treatment and have destroyed or falsified the medical records.  Such unsupported allegations are insufficient to raise a genuine issue of fact, especially here where the medical records contradict his allegations.  Judge Strong correctly found that Cameron has

failed to demonstrate that any genuine issues of fact remain regarding his claim for denial of medical care. Therefore, Defendants are entitled to summary judgment on the basis of qualified immunity.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #121) are adopted in full. Defendant's motion for summary judgment (dkt #98) is GRANTED.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Defendants are entitled to summary judgment and no reasonable person could suppose an appeal would have merit.

Dated this 16 day of June, 2010.

Donald W. Molloy, District Judge
United States District Court